MANUEL MARTÍNEZ RODRÍGUEZ, Plaintiff and Appellee, *v.*
FREIRÍA HNOS., *S. en C.,* Defendant and Appellant.

No. 5021. Argued April 29, 1930.—Decided June 27, 1930.

*Arroyo & Rincón* for appellant. *R. Rivera Zayas* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

In this case the main contention advanced by the appellant is that the time allowed the stenographer for making the transcript of the evidence can not begin to run until the order for the preparation of such transcript has been notified to him; that in the case at bar the order was entered on March 25, 1929, and notified on the 28th of the same month, and therefore the statutory period of twenty days must be computed from that date, or March 28. The appellant states that on April 16, 1929, it filed an application for an extension of 30 days to file the transcript, and that the latter (called by the appellant "statement of the case") was filed on April 30, 1929; that the following day, or May 1, was set for the settlement of the transcript, and that on the 11th of the same month of May the appellee filed a motion opposing the approval thereof because it had not been filed in time. The court sustained the motion and refused to approve the tran-

script. The present appeal has been taken from that decision.

The transcript of the record filed in this appeal includes: the judgment rendered on March 14, 1929, duly notified; the notice of appeal which bears date of March 20, 1929; a motion of the appellant dated March 28, 1929, electing the method of a transcript of the evidence and praying for an order for its preparation; an order of the court entered on the 25th of the same month granting that motion and a notation thereon which says: "Served with copy, March 28, 1929. (signed) Carmelo G. Pérez, Stenographer"; a motion of the appellant dated April 16, 1929, requesting an extension and the judge's indorsement thereon entered on the same day and worded, "motion granted"; an order made by the judge on April 30, 1929, acknowledging the filing of the transcript and setting May 10, 1929, for its settlement; a motion dated May 10, 1929, opposing the approval of the transcript and filed on the 11th of the same month; an order of the court made on the 21st of that month, refusing to approve the transcript on the ground that the latter had not been filed in time; a motion for reconsideration filed by the appellant and an order denying the same dated May 29, 1929; and the notice of appeal from the order refusing the approval of the transcript, dated the 31st of the same month.

Two errors have been assigned by the appellant. The first is that the court erred in holding that the statutory period of twenty days for filing the transcript had expired; and the second that it erred in deciding the motion of the appellee opposing the approval of the transcript without hearing the appellant.

Even if there were no other decisions of this court announcing the applicable doctrine in regard to the matter, the following excerpt from the opinion in *Salichs* v. *Board of Examiners*, 39 P.R.R. 224, 225, would suffice to dispose of the first assignment of error:

"The special duty of the appellant is to see that the order to the stenographer is delivered to that officer. The failure of the secretary to do so is imputable to the appellant."

As regards the second assignment, we fail to find in the record any basis for the assertion made by the appellant. What we have found is the following, taken from the order of the court of May 20, 1929:

"The second ground for the reconsideration is that the opposing motion incorporated in the record was not notified to the appellants. That motion was filed by the plaintiff in pursuance of an order directing him to state in writing his grounds of opposition made by the court when he appeared on May 10 and orally opposed the approval of the transcript, at which hearing the appellant failed to appear notwithstanding it had been notified."

This agrees with what is stated by the appellee in his brief. And it being so, the court did not err as claimed in the second assignment.

The order appealed from must be affirmed.